IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Sandra A. Cowell, Independent Administrator of the Estate of Harold Alfred James Cowell,

Plaintiff,

vs.

Auction Broadcasting Co., LLC D/B/A ABC St. Louis,

Defendant.

No. 3:15-CV-00877-DRH-DGW

### ORDER

**HERNDON, District Judge**:

Pending before the Court is defendant Auction Broadcasting Co., LLC, D/B/A ABC St. Louis' motion for summary judgment (Doc. 23). Defendant argues that plaintiff, Sandra Cowell, failed to establish a retaliatory discharge claim under the Illinois Worker's Compensation Act (IWCA), and therefore is entitled to summary judgment as a matter of law. Plaintiff opposes. (Doc. 27, 28). Based on the following, the Court **GRANTS** defendant's motion for summary judgment.

### I. Background

On August 7, 2015, plaintiff's complaint was removed to this Court from St. Clair County, Illinois (Doc.1). Plaintiff alleged retaliatory termination of employment after filing two IWCA claims. (Doc. 1.1). Specifically, plaintiff alleged that—in two separate incidents which occurred in January 2013 and April 2015—he received injuries while performing employment duties for defendant

(Doc. 1.1). Thereafter, plaintiff filed an IWCA claim and was terminated from employment on May 1, 2015 (Doc.1.1). For relief, plaintiff seeks damages and costs. (Doc. 1.1).

Defendant filed a motion for summary judgment asserting, inter alia, non-liability for retaliatory discharge when a lawsuit is based exclusively on the ground that a terminated employee, at one time or another, filed a IWCA claim; that no evidence exists suggesting plaintiff's termination was primarily motivated by the filing of an IWCA claim; and, that plaintiff's proffered evidence is inconsistent with establishing a retaliatory discharge claim (Doc. Doc. 23, 24). In response, plaintiff purports instances of genuine issue of material fact regarding defendant's affidavits and alleges violation of the Illinois Dead-Man's Act, as well as, non-compliance with Fed. R. Civ. Procedure 56. (Doc. 27, 28).

## II. <u>Summary Judgment Standard</u>

Summary judgment is warranted when the movant shows no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). To survive summary judgment, a nonmovant must be able to show that a reasonable jury could return a verdict in its favor, if the movant cannot "establish the existence of an element essential to [it's] case, and on which [it] will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he

mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine issue of material fact exists only if the resolution of the factual issue might affect the outcome of the suit under governing substantive law. *Eckles v. Consol. Rail Corp.*, 94 F.3d 1041, 1045 (7th Cir. 1996). All facts and reasonable justifiable inferences are construed in the nonmovant's favor. *Grimm v. Alro Steel Corp.*, 410 F.3d 383, 385 (7th Cir. 2005).

### III. Analysis

Defendant argues that no evidence demonstrates termination of plaintiff's employment was causally related to the filing of an IWCA claim. To refute, plaintiff must "affirmatively show that the [termination] was primarily in retaliation for [his] exercise of a protected right," *Baptist v. Ford Motor Co.*, 827 F.3d 599, 601 (7th Cir. 2016), and must also prove the "exercise of a right granted by the [IWCA]" and "a causal relationship between his [termination] and the exercise of his right." *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 773 (7th Cir. 2010) (citing *Roger v. Yellow Freight Systems, Inc.*, 21 F.3d 146, 149 (7th Cir. 1994)). "*Causality does not exist if the reason for the discharge is valid and nonpretextual.*" *Slover v. Brown*, 140 Ill. App. 3d. 618, 621, 488 N.E.2d 1103, 1105 (1986) (emphasis added). In order to grant summary judgment, the Court must determine whether or not there is any material issue of fact that demonstrates plaintiff was terminated in retaliation for filing an IWCA claim.

## A. Genuine Issue of Material Fact

Defendant contends that plaintiff failed to offer evidence that the filing of IWCA claims was a primary factor in deciding to terminate plaintiff's employment. Defendant states that under *Dixon Distrib. Co. v. Hanover Ins. Co.*, 244 Ill. App. 3d. 837, 845, 612 N.E.2d 846, 852 (1993), it cannot be held liable for retaliatory discharge solely because it opted to terminate an employee who, in the past, filed an IWCA claim. Defendant is correct; the "critical issue is the employer's intent," *Miller v. J.M. Jones Co.*, 225 Ill. App. 3d 799, 807, 587 N.E.2d 654, 660 (1992); *see also Hiatt v. Rockwell Intern. Corp.*, 26 F.3d 761, 768 n.5 (7th Cir. 1994) (explaining Illinois cases state that critical issue in retaliatory discharge claim is "the employer's intent *at the time of discharge*"), and it must be affirmatively revealed that the termination was "primarily" in retaliation for filing an IWCA claim, "not for a lawful business reason," *Dixon Distrib. Co.,* 244 Ill. App. 3d at 845.

In support, defendant offers affidavits that state, inter alia, plaintiff's work performance was deficient, that he displayed a lack of overall effort, and even admitted to supervisors that during work hours he would run personal errands, shop for furniture, and work on home improvement projects. Plaintiff was counseled for, inter alia, disrespectful communication in the workplace, sleeping at his desk in plain view of customers, and was warned about the possibility of termination as early as Fall 2014.

In opposition, plaintiff offers an affidavit of the independent administrator of plaintiff's estate, who verifies the accuracy of attached photographs as pictures of a company automobile plaintiff was driving during a work-related accident on April 8, 2015; and, affidavits of two business associates—not employed by defendant—who were both satisfied with plaintiff's past work-related interactions. Plaintiff contends that these statements somehow create a genuine issue of material fact because they prove he is "competent and reliable in the very similar jobs that he had immediately before his job with Defendant and immediately after his job with Defendant." Plaintiff is mistaken. None of these declarations, even construed in the light most favorable to plaintiff, establish a genuine issue of material fact concerning retaliatory discharge. *See Yellow Freight Sys.*, 21 F.3d at 148-49 (explaining that even under liberal construction, plaintiff cannot survive summary judgment where no evidence was offered that defendant was aware of intent to file IWCA claim).

When defendants support a motion for summary judgment by attaching affidavits, the nonmoving plaintiff must go beyond pleadings and set forth specific facts that demonstrate a genuine issue of material fact which could be presented at trial regarding—in this case—retaliatory intent. *N. Assurance Co. of Am. v. Summers*, 17 F.3d 956, 961 (7th Cir. 1994). Here, plaintiff has failed to present any evidence that would indicate defendant's primary intent for termination of employment is retaliation for filing IWCA claims. In fact, plaintiff presents no facts contrary to defendant's evidence. Rather, plaintiff merely claims that a

genuine issue of material fact is created because affidavits in opposition indicate that disconnected third-parties believed plaintiff was a "competent and reliable" employee; and, that these statements conflict with evidence presented by defendant regarding plaintiff's level of job competency and performance. Nonetheless, "a bare contention that an issue of fact exists is insufficient to raise a factual issue." *Reed v. AMAX Coal Co.*, 971 F.2d 1295, 1299 (7th Cir. 1992). This bare contention does not overcome the evidence presented in defendant's affidavits.

## B. Fed. R. Civ. P. 56(c)

Next, Plaintiff raises the argument that defendant's affidavits are in violation of Rule 56(c) of the Federal Rules of Civil Procedure. Under Rule 56(c), "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge." Fed. R. Civ. P. 56(c). "Although 'personal knowledge' may include inferences and opinions, those inferences [and opinions] must be substantiated by specific facts," *Drake v. Minn. Mining & Mfg. Co.*, 134 F.3d 878, 887 (7th Cir. 1998), and those specific concrete facts are required to establish the existence of the truth of the matter asserted, *Lucas v. Chi. Transit Auth.*, 367 F.3d 714, 726 (7th Cir. 2004) (citing *Drake*, 134 F.3d at 887)). Defendant's affidavits are in compliance with Rule 56(c); as they are based off of affiant first-hand personal knowledge, and would be admissible at trial under Rule 602 of the Federal Rules of Evidence. *Ani-Deng v. Jeffboat, LLC*, 777 F.3d 452, 454 (7th Cir. 2015); *see also* Fed R. Evid. 602 (witnesses may testify to a matter only if

evidence introduced is sufficient to support finding that witness has personal knowledge of the matter; evidence to prove personal knowledge may consist of witness's own testimony).

### C. Illinois Dead-Man's Act

Plaintiff contends that affidavits submitted by defendant are barred by the Illinois Dead-Man's Act in attempt to further rebut proffered evidence. "The [Dead-Man's] Act bars an interested party from testifying on his or her own behalf to conversations with the deceased or to events that took place in the presence of the deceased." *In re Estate of Goffinet*, 318 Ill. App. 3d 152, 156, 742 N.E.2d 874, 877 (2001); *see also* 736 ILL. COMP. STAT. 5/8-201 (2016). Witnesses prohibited from testifying under the Dead-Man's Act must either be a participating litigant or have an interest in the outcome of the case, and also must be adverse to the party invoking the statute. *People v. $5,608 U.S. Currency*, 359 Ill. App. 3d 891, 895, 835 N.E.2d 920, 923 (2005). However, "[employees] of an adverse party are not disqualified as witnesses under the Dead Man's Act." *Gen. Auto Serv. Station, LLC v. Garrett*, 2016 IL App (1st) 151924, ¶21, 50 N.E.3d 1144, 1148-49. None of defendant's six affiant's fall under the legal definition of "party", as a " 'party' is one who has a right to control the proceedings, to pursue a defense, to call and cross-examine witnesses, and to appeal from the decision. *Id.* (citing *Sankey v. Interstate Dispatch, Inc.*, 339 Ill App. 420, 428-29, 90 N.E.2d 265 (1950)). Similarly, none of defendant's affiant's are directly interested in the lawsuit. "A person is directly interested in an action when the judgment will

result 'in a direct, immediate monetary gain or loss.'" *Gen. Auto,* at ¶22 (quoting *Danhauer v. Danhauer*, 2013 IL App (1st) 123537, ¶33, 2 N.E.3d 424). Therefore, any judgment in favor of defendant would benefit the affiants indirectly, if at all. *Gen. Auto,* at ¶22 (where uncontradicted evidence demonstrates that affiants do not hold equity or ownership interest in outcome of claim, judgment in favor of party proffering evidence confers little to no benefit).

### III. Conclusion

Because plaintiff has failed to establish a genuine issue of material fact as to whether defendant's primary intent for terminating plaintiff was retaliation for filing IWCA claims, the Court finds that defendant is entitled to summary judgment. The Court **GRANTS** the motion for summary judgment in favor of Auction Broadcasting, Co., LLC D/B/A ABC St. Louis and against Sandra Cowell, Independent Administrator of the Estate of Harold Alfred James Cowell. (Doc. 23). The Clerk of the Court is directed to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 4th day of January, 2017.

Judge Herndon
2017.01.04
18:09:42 -06'00'

**United States District Judge**